NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0103n.06

No. 13-3631

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

TIMOTHY HUMPHRIES,

     Plaintiff-Appellant,

v.

DAVID CHICARELLI, et al.,

     Defendants-Appellees.

_____/

FILED
Feb 06, 2014
DEBORAH S. HUNT, Clerk

ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF OHIO

BEFORE:    CLAY and DONALD, Circuit Judges; MAYS, District Judge.[*]

**PER CURIAM**. Plaintiff Timothy Humphries appeals the district court's orders granting Defendants' motion to dismiss, motion in limine, and motions for summary judgment. Plaintiff asserts that the district court erred by granting summary judgment on his Fourth Amendment and civil conspiracy claims pursuant to 42 U.S.C. § 1983. This Court has reviewed the parties' briefs, the record on appeal, and the district court's orders pertaining to this matter, and we have determined that the issues were properly decided by the district court. Therefore, we **AFFIRM** the district court's orders granting Defendants' motions.

A number of issues remain for this Court's consideration on appeal. First, Plaintiff alleges that the district court erred in granting Defendants' motion in limine striking witness Bryan Green's

---

[*]The Honorable Samuel H. Mays, Jr., United States District Judge for the Western District of Tennessee, sitting by designation.

affidavit from the record and issuing a protective order prohibiting Green and others from testifying at trial regarding matters discussed in the affidavit. Second, Plaintiff alleges that the district court improperly granted Defendant Blake Ellender's motion to dismiss a conspiracy claim against him pursuant to Federal Rule of Civil Procedure 12(b)(6). Third, Plaintiff alleges that the district court erred in granting Defendants' motions for summary judgment on all of Plaintiff's remaining claims. These include a § 1983 claim that Defendants violated his Fourth Amendment right to be free from unreasonable search and seizure, a civil conspiracy claim, a claim of police officers' negligence and incompetence, a false light tort claim, and a breach of contract claim that also includes an argument that the City's Legal Director breached a duty to Plaintiff.

Because we have determined that the district court properly disposed of these claims, no jurisprudential purpose would be served by an extended opinion. As to the motion in limine, we note, however, that the district court reached the proper conclusion, but not for the correct reason. The initial Carlisle City Council meeting at issue in the motion in limine is protected by the Ohio executive session privilege, which makes confidential any communications that occur during the executive sessions of political subdivisions. Ohio Rev. Code § 102.03(B). In the instant case, the privilege applies because the City Council was properly in executive session, and its members and members-elect were entitled to proceed in that way under Ohio law. Ohio Rev. Code § 121.22(G). The district court also applied the attorney-client privilege to protect the discussions that occurred during this executive session. While we agree that the privilege properly applies to the matters discussed during the meeting, we do not believe the circumstances here are analogous to the case of *In re Dismissal of Osborn*, No. CA-1009, 1992 WL 214527 (Ohio App. Aug. 20, 1992), cited by

the district court, in which a stenographer took notes at a municipal board meeting. Nevertheless, Green and others attended the City Council's executive session because of their roles as Council members-elect, who would shortly thereafter be required to address the issues discussed during that meeting. Under the circumstances of this case, the members-elect were covered by the attorney-client privilege, and their presence during the executive session to receive legal advice in their capacities as members-elect whose swearing into office was imminent did not waive that privilege.

Additionally, we note that the district court properly denied Plaintiff's conspiracy claim because the elements of a conspiracy were not made out in this case. Plaintiff's failure to satisfy the elements of a conspiracy claim justifies the district court's entry of summary judgment against Plaintiff as to the conspiracy claim. Consequently, there is no need to rule on Defendants' argument regarding the applicability of the intracorporate conspiracy doctrine, and this Court will not address that argument here.

Accordingly, we **AFFIRM** the district court's orders granting Defendants' motion in limine, motion to dismiss, and motions for summary judgment for the reasons stated therein.