[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as
*Cuyahoga Cty. Bd. of Heath v. Lipson O'Shea Legal Group,* Slip Opinion No. 2016-Ohio-556.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2016-OHIO-556

CUYAHOGA COUNTY BOARD OF HEALTH, APPELLANT, *v.* LIPSON O'SHEA LEGAL GROUP, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Cuyahoga Cty. Bd. of Heath v. Lipson O'Shea Legal Group, Slip Opinion No. 2016-Ohio-556.*]

*Public records—R.C. 149.43—County board of health—Request for board's records of county residences where minor child was found to have elevated lead levels in blood—Protected health information—R.C. 3701.17—Address of afflicted child is protected health information exempt from release—Cause remanded to trial court for review of requested records to determine what information can be released after all protected health information is redacted.*

(No. 2014-0223—Submitted May 19, 2015—Decided February 18, 2016.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 99832, 2013-Ohio-5736.

_____

**PFEIFER, J.**

### BACKGROUND

{¶ 1} In 2012, Michael J. O'Shea, a principal of appellee, Lipson O'Shea Legal Group, made the following request for records from appellant, Cuyahoga County Board of Health ("Cuyahoga County BOH"):

Pursuant to RC 149.43 (Ohio Public Records Act), I hereby request documentation or information of all homes in 2008, 2009, 2010 and 2011 in Cuyahoga County where a minor child was found to have elevated blood lead levels in excess of 10 mg/DI [sic, mg/d1].

{¶ 2} After identifying the relevant responsive information, which it claims comprises approximately 5,000 pages, Cuyahoga County BOH determined that it was prohibited from providing the information to Lipson O'Shea. To confirm its conclusion, Cuyahoga County BOH sought a declaratory judgment in the court of common pleas with respect to "its status, duty, obligations and/or requirements to maintain the confidentiality of the records sought" by Lipson O'Shea. It submitted to the court 12 sample files as representative examples of the requested records for the court's in camera review.

{¶ 3} Cuyahoga County BOH moved for summary judgment. Upon review of the records, the trial court concluded that release of the records is prohibited by R.C. 3701.17, which exempts from disclosure certain health information if the individual is identified or if the information could be used to reveal the individual's identity. The court found that the requested records, even if redacted, could be used to reveal the identities of the individual children. The trial court ruled that release of the records was thus prohibited by state law within the meaning of R.C. 149.43(A)(1)(v) by virtue of the application of R.C. 3701.17. Therefore, the court granted summary judgment to Cuyahoga County BOH.

{¶ 4} The court of appeals reversed, concluding that the trial court's "blanket exemption" was inappropriate because many of the records, even those that contain "protected health information," contain other information that is not excepted from disclosure. The court declared that instead of withholding all records, Cuyahoga County BOH must examine each document, redact any protected health information, and release any remaining unprotected information not otherwise excepted. 2013-Ohio-5736, 6 N.E.3d 631, ¶ 31. Accordingly, the court of appeals determined that the trial court had erred in granting summary judgment and remanded the cause for further proceedings.

{¶ 5} Cuyahoga County BOH appealed to this court. We accepted jurisdiction on the following proposition of law: "Information in the Custody of a Board of Health or the Ohio Department of Health that Either Identifies an Individual or Could Be Used to Ascertain that Individual's Identity is Exempt from Disclosure under the Public Records Act Absent the Individual's Consent." 139 Ohio St.3d 1474, 2014-Ohio-3012, 11 N.E.3d 1195.

## ANALYSIS

{¶ 6} The Ohio Public Records Act, R.C. 149.43, which governs the availability of public records for inspection and copying, states that upon request, "all public records responsive to the request shall be promptly prepared and made available for inspection to any person at all reasonable times during regular business hours." R.C. 149.43(B)(1). We have stated that the fundamental policy of R.C. 149.43 "is to promote open government, not restrict it." *State ex rel. Besser v. Ohio State Univ.*, 89 Ohio St.3d 396, 398, 732 N.E.2d 373 (2000), citing *State ex rel. The Miami Student v. Miami Univ.*, 79 Ohio St.3d 168, 171, 680 NE.2d 956 (1997). Although this policy inclines us to liberally interpret public-records requests in favor of disclosure, it is not automatically dispositive. Release may be prohibited by an exception or by another statute providing protection to the subject of the information sought.

{¶ 7} R.C. 3701.17(B) prohibits the release of "[p]rotected health information reported to or obtained by" public-health authorities without the written consent of the individual who is the subject of the record, unless certain conditions are met. "Protected health information" is information that "describes an individual's past, present, or future physical or mental status or condition, receipt of treatment or care, or purchase of health products" when either of the following two conditions applies: (1) the information "reveals the identity of the individual who is the subject of the information" or (2) the information "could be used to reveal the identity of the individual who is the subject of the information." R.C. 3701.17(A)(2)(a) and (b). Thus, to be protected, the information must first of all describe an individual's "physical or mental status or condition, receipt of treatment or care, or purchase of health products." The proposition of law before us, as framed by Cuyahoga County BOH, addresses only the two subordinate conditions without mentioning the predominant requirement, that the information must be "protected health information." The argument in support of the proposition, however, addresses this crucial point, and so we proceed to the merits of that larger question.

{¶ 8} In another context (related not to R.C. 3701.17 but to the federal Health Insurance Portability and Accountability Act[1]), we concluded that lead-contamination notices issued by a city health department did not reveal "health information" merely because they referred to "a child"—unnamed—whose blood test indicated an elevated lead level. *State ex rel. Cincinnati Enquirer v. Daniels*, 108 Ohio St.3d 518, 2006-Ohio-1215, 844 N.E.2d 1181. In that situation, the notices were sent to property owners to apprise them of "violations relating to lead

---

[1] Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), Pub.L. No. 104-191, 110 Stat. 1936, codified as amended in various sections of Titles 18, 26, 29, and 42 of the United States Code.

hazards" and did not contain any information about "medical examination, assessment, diagnosis, or treatment of any medical condition" of any individual. *Id.* at ¶ 16. The notices did contain what we termed a "mere nondescript reference to 'a' child with 'an' elevated lead level," which we concluded was not protected health information. *Id.*

{¶ 9} Despite some similarity to the *Cincinnati Enquirer* case, we reach a different conclusion because the public-records request in this case is inextricably linked to "protected health information."

{¶ 10} The request seeks "documentation or information of all homes * * * in Cuyahoga County where a minor child was found to have elevated blood lead levels in excess of 10 [mg/dl]." By linking the request to specific blood lead levels, Lipson O'Shea has made it impossible for Cuyahoga County BOH to comply without disclosing information that undeniably describes an individual's "physical or mental status or condition" within the meaning of R.C. 3701.17(A)(2). Therefore, the information requested is protected health information if it identifies or can be used to identify the individual who is the subject of the protected health information. It is undeniable that the address of a home where a child has an elevated blood lead level can be used to identify the afflicted child. Even if it were possible to comply with the request by redacting protected health information, the release of merely the address of a house in response to the public-records request at issue means that a child at the house had "elevated blood lead levels in excess of 10 [mg/dl]," which is protected health information. Still, it is possible that some of the information in the records prepared by the Cuyahoga County BOH is not protected health information. Neither this court, the court of appeals, nor the trial court has reviewed all of the records, so we cannot categorically state that all of the information responsive to the request is protected.

{¶ 11} The real problem in this case is the public-records request itself. It seeks records specifically related to a person's physical status or condition. Lipson

O'Shea states in its brief that there are documents responsive to its request that do not contain protected health information, specifically, "lead hazard violation notices, risk-assessment reports, Health Dept. correspondence with landlords, and lead abatement certifications." If that is the case, Lipson O'Shea should have requested access to those documents, not to documents related to homes "where a minor child was found to have elevated blood lead levels in excess of 10 [mg/dl]."

{¶ 12} We affirm the judgment of the court of appeals and remand to the trial court to review first the sample files and, if necessary, all the responsive information in the possession of the Cuyahoga County BOH to determine what information, if any, can be released after all protected health information is redacted.

Judgment affirmed.

O'CONNOR, C.J., and O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

Timothy J. McGinty, Cuyahoga County Prosecuting Attorney, and Brian R. Gutkowski, Assistant Prosecuting Attorney, for appellant.

Lipson O'Shea Legal Group, Michael J. O'Shea, and Ronald A. Annotico, for appellee.

_____