[Cite as *Miller v. Ohio Dept. of Health*, 2022-Ohio-357.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Rosanna L. Miller, | : | |
| Requester-Appellee, | : | No. 21AP-267 |
| | | (Ct. of Cl. No. 2020-00618PQ) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Ohio Department of Health, | : | |
| Vital Statistics, | | |
| | : | |
| Respondent-Appellant. | | |
| | : | |

D E C I S I O N

Rendered on February 8, 2022

**On brief:** *Barron, Peck, Bennie, & Schlemmer, Co., LPA,* and *Matthew Miller-Novak*; *Jennifer Kinsley*, for appellee. **Argued:** *Matthew Miller-Novak.*

**On brief:** *Dave Yost*, Attorney General, *William C. Greene*, and *Theresa R. Dirisamer*, for appellant. **Argued:** *Theresa R. Dirisamer.*

APPEAL from the Court of Claims of Ohio

LUPER SCHUSTER, P.J.

{¶ 1} Respondent-appellant, Ohio Department of Health, Vital Statistics ("ODH"), appeals from a judgment of the Court of Claims of Ohio ordering ODH to provide requester-appellee, Rosanna L. Miller, with records she requested. For the following reasons, we reverse and remand with instructions to dismiss Miller's complaint.

**I. Facts and Procedural History**

{¶ 2} In April 2020, Miller requested ODH "run a report for all Cause of Deaths in Ohio coded as Covid-19 (U07.1)," with each decedent's name, age, place of death, and other information included in the report. (Apr. 20, 2020 e-mail, attached to Oct. 23, 2020

Compl.) ODH denied Miller's request. In October 2020, Miller initiated this matter against ODH, alleging she was improperly denied access to public records pursuant to R.C. 149.43(B). In November 2020, ODH moved to dismiss Miller's complaint pursuant to Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted. In March 2021, a Court of Claims appointed special master filed a report and recommendation recommending the court order ODH to provide Miller with the requested records. ODH filed objections to the special master's report and recommendation. In May 2021, the Court of Claims overruled ODH's objections and adopted the special master's report and recommendation. Consequently, the Court of Claims ordered ODH to provide Miller with the requested records.

{¶ 3} ODH timely appeals.

## II. Assignments of Error

{¶ 4} ODH assigns the following errors for our review:

1. The lower court erred when it ordered the Department to create a new spreadsheet from the death records database in response to a public records request.

2. The lower court erred when it ordered the Department to produce Protected Health Information, as defined by R.C. 3701.17.

## III. Discussion

{¶ 5} Because it is dispositive of this appeal, we first address ODH's second assignment of error, which generally alleges the Court of Claims erred in ordering ODH to provide Miller with the requested records. ODH argues that granting Miller's request would require it to impermissibly provide information that is protected health information under R.C. 3701.17. We agree.

{¶ 6} At issue is whether ODH had a duty to grant Miller's public records request pursuant to Ohio's Public Records Act, R.C. 149.43. This Act requires a public office, upon request, to promptly make public records available for inspection or to provide copies of the records within a reasonable period of time. *See* R.C. 149.43(B)(1) (stating that "all public records responsive to the request shall be promptly prepared and made available for inspection to the requester at all reasonable times during regular business hours"). For the

purpose of R.C. 149.43, "public record" means "records kept by any public office, including, but not limited to, state, county, city, village, township, and school district units, and records pertaining to the delivery of educational services by an alternative school in this state kept by the nonprofit or for-profit entity operating the alternative school pursuant to section 3313.533 of the Revised Code." R.C. 149.43(A)(1). "Records" are "any document, device, or item, regardless of physical form or characteristic, including an electronic record as defined in section 1306.01 of the Revised Code, created or received by or coming under the jurisdiction of any public office of the state or its political subdivisions, which serves to document the organization, functions, policies, decisions, procedures, operations, or other activities of the office." R.C. 149.011(G). However, "records the release of which is prohibited by state or federal law" are not "public records." R.C. 149.43(A)(1)(v).

{¶ 7} On the authority of *Walsh v. Ohio Dept. of Health*, 10th Dist. No. 21AP-109, 2022-Ohio-272, we find ODH had no duty to grant Miller's R.C. 149.43 public records request because R.C. 3701.17 prohibits the release of information contained within those records. In *Walsh*, this court held that ODH had no duty to grant the public records request for ODH's death records database, which includes cause of death and other information for each decedent, because R.C. 3701.17 precluded ODH's release of protected health information within that database, despite that information being on death certificates obtainable by the public pursuant to R.C. 3705.23. For the reasons discussed in *Walsh*, the records Miller requested contain information that is exempt from the definition of "public records" under R.C. 149.43. Thus, ODH properly denied Miller's public records request. Because the Court of Claims erred in ordering ODH to provide Miller with the requested records, we sustain ODH's second assignment of error.

{¶ 8} ODH's first assignment of error alleges the Court of Claims erred in ordering ODH to provide Miller with the requested records because it would require ODH to create a new document to comply with the request.[1] While "public records" must be made available upon request, there is no duty under R.C. 149.43 "to create records that do not exist." *State ex rel. McCaffrey v. Mahoning Cty. Prosecutor's Office*, 133 Ohio St.3d 139,

---

[1] Unlike in *Walsh*, wherein the requester sought ODH's entire death records database, Miller's request was limited to information relating to Ohio deaths caused by COVID-19.

2012-Ohio-4246, ¶ 26. ODH argues Miller's requested records, concerning only COVID-19 caused deaths in Ohio, do not exist and therefore it had no duty to create and produce the records. Conversely, Miller argues the requested records exist because ODH easily can produce them using its current computer software and programming. It is unnecessary, however, to resolve this dispute based on our disposition of ODH's second assignment of error. Assuming the records Miller requested do exist for the purpose of R.C. 149.43, such records would include protected health information exempt from the definition of "public records." Thus, ODH's challenge to the Court of Claim's finding concerning the existence of the requested records is moot.

{¶ 9} Accordingly, our disposition of ODH's second assignment of error renders moot ODH's first assignment of error.

## IV. Disposition

{¶ 10} Having sustained ODH's second assignment of error, and finding as moot its first assignment of error, we reverse the judgment of the Court of Claims of Ohio and remand this matter to that court with instructions to dismiss Miller's complaint.

*Judgment reversed;*
*cause remanded with instructions.*

DORRIAN, J., concurs.
JAMISON, J., concurs in part and dissents in part.

DORRIAN, J., concurring.

{¶ 11} Consistent with my concurrence in *Walsh v. Ohio Dept. of Health*, 10th Dist. No. 21AP-109, 2022-Ohio-272, I concur with the majority that the Court of Claims erred in ordering ODH to provide Miller the requested records. I write separately to additionally observe that the specific records requested by Miller included a request for the name and place of death of each decedent. Because the records requested both: (1) described the decedents' past physical status or condition, receipt of treatment or care or purchase of health products, and (2) included information that reveals the identity of each decedent or could be used to reveal the identity of each decedent, the records met the definition of protected health information pursuant to R.C. 3701.17(A)(2). Had Miller's request not included a request for information that reveals the identity of each decedent or information that could be used to reveal the identity of each decedent, e.g., name, place of death, the

request would not have met the definition and would not have been exempted from the definition of public records pursuant to R.C. 149.43(A)(1)(v) and 3701.17(B). "Information that does not identify an individual is not protected health information and may be released in summary, statistical or aggregate form. Information that is in a summary, statistical or aggregate form and that does not identify an individual is a public record under section 149.43 of the Revised Code and, upon request, shall be released by the director." R.C. 3701.17(C).

JAMISON, J., concurring in part and dissenting in part.

{¶ 12} I respectfully disagree with the majority that the trial court erred in ordering ODH to produce records pursuant to R.C. 149.43.

> The Public Records Act "mandates access to public records upon request unless the requested records are specifically excepted from disclosure." *Lucas Cty. Bd. of Commrs.*, 88 Ohio St.3d at 170, 724 N.E.2d 411, citing *State ex rel. Miami Student v. Miami Univ.*, 79 Ohio St.3d 168, 170, 1997-Ohio-386, 680 N.E.2d 956 (1997). "Release may be prohibited by an exception or by another statute providing protection to the subject of the information sought." *Cuyahoga Cty. Bd. of Health v. Lipson O'Shea Legal Group*, 145 Ohio St.3d 446, 2016-Ohio-556, 50 N.E.3d 499, ¶ 6. The records "custodian has the burden to establish the applicability of an exception" to release or access. *State ex rel. Carr v. Akron*, 112 Ohio St.3d 351, 2006-Ohio-6714, 859 N.E.2d 948, ¶ 30. Exceptions "are strictly construed against the public-records custodian." *State ex rel. Mahajan v. State Med. Bd. of Ohio*, 127 Ohio St.3d 497, 2010-Ohio-5995, 940 N.E.2d 1280, ¶ 24. The PRA itself " 'is construed liberally in favor of broad access, and any doubt is resolved in favor of disclosure of public records.' " *State ex rel. Cordell v. Paden*, 156 Ohio St.3d 394, 2019-Ohio-1216, 128 N.E.3d 179, ¶ 7, quoting *State ex rel. Cincinnati Enquirer v. Hamilton Cty.*, 75 Ohio St.3d 374, 376, 1996-Ohio-214, 662 N.E.2d 334 (1996).

*State ex rel. CNN, Inc. v. Bellbrook-Sugarcreek Local Schools*, 2d Dist. No. 2019CA0047, 2019-Ohio-4187, ¶ 12.

{¶ 13} The Public Records Act is construed in favor of disclosure of public records. The records do exist and are available to be produced. The request would be prohibited if Miller requested both information that described the decedents' past physical status or

condition and information that reveals the identity of each decedents protected health information pursuant to R.C. 3701.17(A)(2).

{¶ 14} In *Cuyahoga Cty. Bd. of Health v. Lipson O'Shea Legal Group*, 145 Ohio St.3d 446, 2016-Ohio-556, ¶ 3, the trial court reviewed the records requested pursuant to the Public Records Act, R.C. 149.43, and concluded that release would violate R.C. 3701.17. Cuyahoga County BOH moved for summary judgment which was subsequently granted. Lipson appealed. Upon review:

> "[t]he court of appeals reversed, concluding that the trial court's "blanket exemption" was inappropriate because many of the records, even those that contain "protected health information," contain other information that is not excepted from disclosure. The court declared that instead of withholding all records, Cuyahoga County BOH must examine each document, redact any protected health information, and release any remaining unprotected information not otherwise excepted. 2013-Ohio-5736, 6 N.E.3d 631, ¶ 31." *Id* at ¶ 4.

{¶ 15} Cuyahoga County BOH then appealed to the Supreme Court of Ohio. The records request sought "documentation or information of all homes * * * in Cuyahoga County where a minor child was found to have elevated blood lead levels in excess of 10 [mg/dl]." *Id.* at ¶ 10. Although the Supreme Court held that the request was inextricably linked to protected health information, the case was "remand[ed] to the trial court to review first the sample files and, if necessary, all the responsive information in the possession of the Cuyahoga County BOH to determine what information, if any, can be released after all protected health information is redacted." *Id.* at ¶ 12.

{¶ 16} The majority's reliance upon *State ex rel. McCaffrey v. Mahoning Cty. Prosecutor's Office*, 133 Ohio St.3d 139, 2012-Ohio-4246, is misplaced. *McCaffrey* is distinguishable because it involves a request for a specific correspondence that the entity says does not exist. Requester's belief does not constitute sufficient evidence to establish that the documents do exist. *Id.* at ¶ 26.

{¶ 17} The Uniform Commercial Code definitions state in pertinent part, "A record is information that is inscribed on a tangible medium or that, having been stored in an electronic or other medium, is retrievable in perceivable form." U.C.C. 1-201(b)(31.) (Am. Law Inst. & Unif. Law Comm'n 1977.) It is axiomatic that for a more specific request, ODH

would have to put these search criteria in the computer to produce the specific data requested. The Public Records Act is construed in favor of disclosure of public records. ODH can produce the requested public record without releasing protected health information.

{¶ 18} For the foregoing reasons, I respectfully dissent from the majority opinion. I would overrule the first assignment of error and sustain, in part, the second assignment of error. I would remand this case to the Court of Claims of Ohio to issue an order releasing the records after all protected health information is redacted.

————————————————