[Cite as *Hicks v. Union Twp., Clermont Cty., Trustees*, 2022-Ohio-1618.]

| | |
|---|---|
| CHRISTOPHER RICHARD HICKS | Case No. 2022-00024PQ |
| Requester | Special Master Jeff Clark |
| v. | <u>REPORT AND RECOMMENDATION</u> |
| UNION TOWNSHIP, CLERMONT COUNTY, TRUSTEES | |
| Respondent | |

{¶1} The Public Records Act, R.C. 149.43, provides that upon request, a public office "shall make copies of the requested public record available to the requester at cost and within a reasonable period of time." R.C. 149.43(B)(1). Ohio courts construe the Public Records Act liberally in favor of broad access, with any doubt resolved in favor of disclosure of public records. *State ex rel. Hogan Lovells U.S., L.L.P. v. Dept. of Rehab. & Corr.*, 156 Ohio St.3d 56, 2018-Ohio-5133, 123 N.E.3d 928, ¶ 12. R.C. 2743.75 provides "an expeditious and economical procedure" to resolve public records disputes in the Court of Claims.

{¶2} On December 23, 2021, 7:11 AM, requester Christopher Hicks made a request to respondent Union Township, Clermont County, Trustees (the Township) for, as relevant to the remaining claims,

> all documents from the 'trustee' meeting conducted on Friday, December 17. * * * If there was any opinion asked for or received by the law advisor prior to conducting the meeting, I also request a copy of that document ad [*sic*] any communications on the matter.

(Complaint at 3.) The Township produced almost 200 pages of records, with some redactions based on attorney-client privilege and "confidential information." (*Id.* at 1.) On December 31, 2021, Hicks followed up with the Township on the documents provided:

> I am requesting unredacted versions of the attached pages (including the 6 pages of a memo titled "Trustee Conflicts of interest." While I guess one could assert privilege, they need not and what would be the public purpose

in hiding the opinions of counsel on what seem to be questions of hiding a meeting from the public and on trustee conflicts of interest.

(*Id.* at 4.) The Township had provided Hicks with a copy of the memorandum leaving caption information visible but with all substantive content redacted. (Response at 10, 40-45.) The Township declined Hicks' invitation to waive attorney-client privilege for any information in the records. (Complaint at 6.)

{**¶3**} On January 11, 2022, Hicks filed a complaint pursuant to R.C. 2743.75 alleging denial of access to public records in violation of R.C. 149.43(B). His claims challenge redactions made to four email records (*Id.* at 1, Exhs. 1–4) and to a "Trustee Conflicts of Interest" memorandum authored by the law director. Following unsuccessful mediation, the Township filed a motion to dismiss (Response) on March 28, 2022. On April 1, 2022, Hicks filed a reply. On April 12, 2022, the Township filed unredacted copies of the withheld records under seal and on April 13, 2022 filed a memorandum in support of motion to dismiss (Sur-reply). On April 14, 2022, Hicks filed a response to the sur-reply that was not authorized by statute or by order of the special master. In the interest of justice and pursuant to R.C. 2743.75(E)(2), the special master hereby directs the clerk to accept Hicks' response to the sur-reply for filing.

**Motion to Dismiss**

{**¶4**} In order to dismiss a complaint for failure to state a claim upon which relief can be granted, it must appear beyond doubt that the claimant can prove no set of facts warranting relief after all factual allegations of the complaint are presumed true and all reasonable inferences are made in claimant's favor. *State ex rel. Findlay Publishing Co. v. Schroeder*, 76 Ohio St.3d 580, 581, 669 N.E.2d 835 (1996). As long as there is a set of facts consistent with the complaint that would allow the claimant to recover, dismissal for failure to state a claim is not proper. *State ex rel. V.K.B. v. Smith*, 138 Ohio St.3d 84, 2013-Ohio-5477, 3 N.E.3d 1184, ¶ 10.

{¶5} The Township moves to dismiss the complaint on the grounds that it properly redacted only the portions of withheld records that 1) constitute privileged attorney-client communication, 2) are subject to statutory or constitutional rights of privacy, and/or 3) are not responsive to the request.[1] On consideration the special master finds that none of these defenses is conclusively shown on the face of the complaint. Moreover, as the matter is now fully briefed the grounds asserted for dismissal are subsumed in the argument to deny the claim on the merits. It is therefore recommended the motion to dismiss be denied.

### Burdens of Proof

{¶6} The overall burden of persuasion in a public records case is on requester to prove his right to relief by the requisite quantum of evidence. *Welsh-Huggins v. Jefferson Cty. Prosecutor's Office,* 163 Ohio St.3d 337, 2020-Ohio-5371, 170 N.E.3d, ¶ 34. First, requester must prove he sought an identifiable public record and the public office did not make the record available. *Id.* at ¶ 33. Then, if the public office has withheld a record on the basis of a public records exemption, the public office carries the burden to prove that the requested record falls squarely within the exemption. *Id.* at ¶ 35. Exceptions to disclosure must be strictly construed against the public-records custodian. *State ex rel. Rogers v. Dept. of Rehab. & Corr.*, 155 Ohio St.3d 545, 2018-Ohio-5111, 122 N.E.3d 1208, ¶ 7. Any doubt should be resolved in favor of disclosure. *State ex rel. James v. Ohio State Univ.*, 70 Ohio St.3d 168, 169, 637 N.E.2d 911 (1994).

{¶7} The parties do not dispute that Hicks requested reasonably identified records and that the Township has withheld portions of those records through redaction.

### Attorney-Client Privilege

{¶8} The Township asserts that portions of Complaint Exhibits 1-3 and all substantive content of the "Trustee Conflicts of Interest" memorandum fall squarely within

---

[1] The Township asserted "non-responsiveness" only after the complaint was filed. However, the initial explanation provided when denying a public records request does not preclude a public office from relying upon additional reasons or legal authority in defending an enforcement action. R.C. 149.43(B)(3).

the common law attorney-client privilege. "The attorney-client privilege, which covers records of communications between attorneys and their government clients pertaining to the attorneys' legal advice, is a state law prohibiting release of these records." *State ex rel. Toledo Blade Co. v. Toledo-Lucas County Port Auth.*, 121 Ohio St.3d 537, 2009-Ohio-1767, 905 N.E.2d 1221, ¶ 22. The party asserting the attorney-client privilege bears the burden of showing the applicability of the privilege. *State ex rel. Pietrangelo v. Avon Lake*, 146 Ohio St.3d 292, 2016-Ohio-2974, ¶ 9; *MA Equip. Leasing I, LLC v. Tilton*, 980 N.E.2d 1072, 2012-Ohio-4668, ¶ 20-22 (10th Dist.). To satisfy this burden, the proponent must show that the communication meets all the following conditions:

> "Under the attorney-client privilege, '(1) [w]here legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection is waived.'" (Citations omitted.)

*State ex rel. Leslie v. Ohio Housing Fin. Agency,* 105 Ohio St.3d 261, 2005-Ohio-1508, 824 N.E.2d 990, ¶ 21.

{¶9} A record is not exempt merely because it is received from or sent to a public office's legal counsel. *Better Gov't Bureau v. McGraw* (*In re Allen*), 106 F.3d 582, 604, (1997). Nor does a bare, general assertion that the privilege applies to a communication meet the burden of proof. Rather,

> The party asserting privilege "must make a minimal showing that the communication involved legal matters. This showing is not onerous and may be satisfied by as little as a statement in the privilege log explaining the nature of the legal issue for which advice was sought." [*In re Search Warrant Executed at Law Offices of Stephen Garea*, 1999 U.S. App. LEXIS 3861, 1999 WL 137499, *1-*2 (6th Cir. March 5, 1999)]. That showing "must provide the reviewing court with enough information for it to make a determination that the document in question was, in fact, a confidential communication involving legal advice." 1999 U.S. App. LEXIS 3861, [WL] *2.

*Williams v. Duke Energy Corp.*, S.D.Ohio No. 1:08-CV-00046, 2014 U.S. Dist. LEXIS 109835, *14-15 (Aug. 8, 2014). *See Williamson v. Recovery Ltd. P'ship.*, S.D.Ohio No. 2:06-CV-292, 2016 U.S. Dist. LEXIS 125640, *8-10 (Sept. 15, 2016).[2] Only when communications with a client reflect the exercise of an attorney's professional skills and judgment, or the communication would clearly facilitate the rendition of legal services or advice, is the communication privileged. *State ex rel. Toledo Blade Co. v. Toledo-Lucas County Port Auth.*, 121 Ohio St.3d 537, 2009-Ohio-1767, 905 N.E.2d 1221, ¶ 27, 31.

{¶10} "[T]he attorney-client privilege is destroyed by voluntary disclosure to others of the content of the statement." *State v. Post*, 32 Ohio St.3d 380, 385, 513 N.E.2d 754 (1987).

> Because a client's voluntary disclosure of confidential communications is inconsistent with an assertion of the privilege, voluntary disclosure of privileged communications to a third party waives a claim of privilege with regard to communications on the same subject matter.

(Citations omitted.) *MA Equip. Leasing I, LLC* at ¶ 20. In determining whether a person to whom a communication was disclosed is a third party or not, the party asserting the privilege bears the burden of proof. *Id.* at ¶ 21-22. In addition to any communications directly shared, disclosure to a third party waives the claim of privilege with regard to all other communications on the same subject matter. *Hollingsworth v. Time Warner Cable*, 157 Ohio App.3d 539, 2004-Ohio-3130, 812 N.E.2d 976, ¶ 65. The 'same subject matter' standard is, however, applied narrowly. *Id.*

{¶11} The Supreme Court has consistently required *in camera* inspection of records before determining whether they are excepted from disclosure, and "[i]f the court finds that these records contain excepted information, *this information must be redacted and any remaining information must be released*." (Emphasis added.) *State ex rel.*

---

[2] There is no material difference between Ohio's attorney-client privilege and the federal attorney-client privilege. *Guy v. United Healthcare Corp.*, 154 F.R.D. 172, 177 (S.D.Ohio 1993), fn.3; *Inhalation Plastics, Inc. v. Medex Cardio-Pulmonary, Inc.*, S.D.Ohio No. 2:07-CV-116, 2012 U.S. Dist. LEXIS 121830 (August 28, 2012).

*Lanham v. DeWine*, 135 Ohio St.3d 191, 2013-Ohio-199, 985 N.E.2d 467, ¶ 22 (attorney-client privilege), citing *State ex rel. Natl. Broadcasting Co. v. Cleveland*, 38 Ohio St.3d 79, 526 N.E.2d 786 (1988), paragraph four of the syllabus.

**Analysis**

Complaint Exh. 1

{**¶12**} This record is a December 23, 2021, 10:19 AM email from trustee Logue to interim administrator Cory Wright, cc:d to the law director, forwarding to Wright a string of email that Logue had received from John Becker. The subject matter line for the cover email and every email within the forwarded string is "Transition for Trustee-Elect & Clarify Sunshine Laws." (Complaint, Exh. 1; Response, Exh. A at 000002-000007.) On comparison of the redacted records submitted by both parties with the unredacted documents filed under seal, the special master finds that the Township redacted 1) Logue's forwarding note to Wright and the law director in the December 23, 2021, email, 2) an observational comment from John Becker to Logue and Joe Dills in a November 19, 2021, 7:14 PM email, 3) Logue's forwarding of the law director's legal opinion to Dills and Becker in a November 19, 2021, 10:13 AM email, 4) thanks and pleasantries sent by Logue to the law director in a November 19, 2021, 10:11 AM email, 5) a legal opinion and future scheduling information provided by the law director to Logue in a November 16, 2021 email, 6) pleasantries sent by Logue to the law director in a November 15, 2021 email, 7) scheduling information provided by the law director to trustee Logue in a November 14, 2021 10:47 PM email, and 8) a request for legal advice sent by Logue to the law director in a November 14, 2021 10:04 PM email.

Hicks argues as follows:

Exhibit 1: A note from Logue to Cory Wright (administrator) that contains other streams. It starts with information from Becker for which there is no privilege. The bottom of page 1 is an email from Logue to Becker and Dills. The sharing was not from the law director, not pertaining to an executive session, was not Logue asking for or receiving legal advice. Any privilege was waived. The entirety of Exhibit 1 should be provided unredacted.

(Complaint at 2.) The Township responds that "the subject matter of the communications, the recipients of the communication, and the time frame the emails were disseminated, all illustrate that the e-mails were sent to Defendant's [*sic*] Law Director for the purpose of seeking legal advice or assistance." (Response at 7.) Although the Township adds that "Trustee Logue may have had more than one reason to send the emails" (*Id.*), it does not proffer an alternate reason.

{¶13} The cover email of December 23, 2021 neither requests nor offers legal advice and the Township provides no affidavit or assertion that the attachments were clearly forwarded to facilitate legal advice. Several other emails contain only pleasantries and scheduling information. The Township offers no support for the proposition that such communications are protected by the attorney client privilege. "The mere fact that a meeting occurred, or did not occur, does not constitute a 'communication' for purposes of the attorney-client privilege." *McFarland v. West Congregation of Jehovah's Witnesses, Lorain, OH, Inc.*, 2016-Ohio-5462, 60 N.E.3d 39, ¶ 70 (9th Dist.); *Cincinnati Enquirer v. Hamilton Cty. Bd. of Commrs.*, Ct. of Cl. No. 2019-00789, 2020-Ohio-4856, ¶ 27. It is the substance of the communication which is protected, not the fact that there has been communication. *United States v. Kendrick*, 331 F.2d 110, 113 (4th Cir. 1964); *Howell v. United States*, 442 F.2d 265 (7th Cir. 1971); *Burton v. R.J. Reynolds Tobacco Co.*, 170 F.R.D. 481, 484 (Kansas DC, 1997). Thank-yous for previous communications, cover letters forwarding emails without comment, and notes as to future communication opportunities are even more attenuated and non-exempt. The special master finds that the emails numbered 1) through 4), 6), and 7) do not relate substantively to legal advice sought from or provided by the law director. This finding is consistent with the Township's proper disclosure of the email header information that likewise reflects the fact of privileged communication but not its substance. The special master finds that the content of email 5), with the exception of the last sentence, and the content of email 7) constitute confidential attorney-client communication.

{¶14} The last sentence in email 5) merely offers the law director's availability to respond to questions and does not fall squarely within the exemption. The Public Records Act provides that only exempt information within an otherwise public record may be withheld:

> If a public record contains information that is exempt from the duty to permit public inspection or to copy the public record, the public office or the person responsible for the public record shall make available all of the information within the public record that is not exempt.

R.C. 149.43(B)(1). *See Cuyahoga Cty. Bd. of Health v. Lipson O'Shea Legal Group*, 2013-Ohio-5736, 6 N.E.3d 631, ¶ 5, 29-31 (8th Dist.), affirmed by *Cuyahoga Cty. Bd. of Health v. Lipson O'Shea Legal Group*, 145 Ohio St.3d 446, 2016-Ohio-556, 50 N.E.3d 499, ¶ 4, 12; *State ex rel. Beacon Journal Publ. Co. v. Bond*, 98 Ohio St.3d 146, 2002-Ohio-7117, 781 N.E.2d 180, ¶ 13. Specifically, when asserting attorney-client privilege a public office must redact only the exempt portions of the record and make available all the information within the public record that is not exempt. *State ex rel. Anderson v. Vermilion*, 134 Ohio St.3d 120, 2012-Ohio-5320, 980 N.E.2d 975, ¶ 19 (affirming the "explicit duty" to do so in R.C. 149.43(B)(1)); *State ex rel. Lanham v. DeWine*, 135 Ohio St.3d 191, 2013-Ohio-199, 985 N.E.2d 467, ¶ 22.

{¶15} Separately, Hicks asserts that Logue's November 19, 2021, email to Dills and Becker constituted disclosure to third parties of the attached request for and delivery of legal advice. *State v. Post*, 32 Ohio St.3d 380, 385, 513 N.E.2d 754 (1987); *MA Equip. Leasing I, LLC*, 980 N.E.2d 1072, 2012-Ohio-4668, ¶ 20 (10th Dist.). The Township responds that advice given by a public office's legal counsel to members-elect of that office does not waive the privilege. *Humphries v. Chicarelli*, 554 Fed.Appx. 401, 402 (6th Cir.2014). The special master concurs with the Township's statement of the law. However, Hicks further notes that Dills and Becker received email 2) with attached emails 3) through 8) in Exhibit 1 prior to certification of their elections. (Reply at 2; Complaint at 5.) The Township does not dispute this timing (Sur-reply at 2), meaning that the record

was disclosed to persons who were at the time third parties not within an attorney-client relationship with the law director. The Township provides no explanation as to how either an attorney-client relationship then existed, or that Dills' and Becker's participation was otherwise essential to the provision of the legal advice. The special master finds the Township has not met its burden to show that the records in numbered emails 2) through 8) were kept "confidential."

Complaint Exh. 2

Hicks argues with respect to the very brief redaction in this email string:

Exhibit 2: An email from Logue to Wright that redacts Logue's comments. They do not seem privileged and simply copying the law director, Barbiere, does not make Logue's comment privileged. The entirety of Exhibit 2 should be provided without redaction.

(Complaint at 2.) The email is dated December 27, 2021 from Logue to Wright, cc:d to Lawrence Barbiere. (Response, Exh. A at 000009-000014.) The subject line of the email and of attached emails includes "Orientation." The email attaches a November, 2021 email string of messages involving Logue, Wright, and former administrator Ken Geis, containing an orientation outline from a different township. Although the text is self-explanatory as to a straightforward administrative purpose, the Township provides no explanation of the nature or existence of any related legal issue.

{¶16} The December 27, 2021 creation date of the email means that it is not responsive to Hicks' December 23, 2021 request, since a public office has no duty to produce records that came into existence only after the date of the request. However, the text is responsive to the subsequent December 31, 2022 request that "I am requesting unredacted versions of the attached pages." The later request clearly includes the redacted text from this – one of the attached pages. Such a request is the functional equivalent of inspecting records in person at a public office, seeing that one page contains redactions, and stating "I request an unredacted copy of that page." The request is neither ambiguous nor overly broad and reasonably identifies the record sought. So long as the

redacted information is a record as defined in R.C. 149.011(G), this constitutes a proper public records request. Review *in camera* reveals that Logue's statement documents the trustees' response to a public records request and as such satisfies the definition of a "record" of the office.[3]

{¶17} Nothing within, preceding, or subsequent to this email suggests that it is part of the legal advice sought or provided in Exhibit 1 or the Trustee Conflict of Interest memorandum. While the law director was copied, nothing connects the statement in this email to a request for or delivery of advice on any legal issue concerning the public records request to which it pertains.

> Complaint Exh. 3
>
> Hicks argues as follows:
>
> Exhibit 3: An email from Logue to Wright. Logue is not asking for or receiving legal advice. Copying the law director does not make the material privileged. The entirety of Exhibit 3 should be provided without redaction.

As with its response to Exhibit 2, the Township does not explain the nature or provenance of the redacted text from Exhibit 3. The email is dated December 27, 2021 from Logue to Wright, cc:d to Lawrence Barbiere. (Response, Exh. A at 000016-000020.) The subject line of the email and of attached emails includes "Catch Up." The email attaches a November, 2021 email string between Logue, Wright, and Geis that schedules a meeting to "catch up." (*Id.* at 000019.) The December 27, 2021 creation date of the email again means that it is not responsive to Hicks' December 23, 2021 request, but the text is responsive to the subsequent December 31, 2022 request that "I am requesting unredacted versions of the attached pages." Review *in camera* reveals that Logue's statement documents the trustees' response to a public records request and as such satisfies the definition of a "record" of the office.

---

[3] The Township's handwritten notes on the records filed under seal do not label Logue's December 23, 2021, 10:19 AM email in Exh. 1 as unrelated or unresponsive to Hicks' December 23, 2021, 7:11 AM request, but that email is likewise responsive to Hicks' December 31, 2021 request.

{¶18} Nothing within, preceding, or subsequent to this email suggests that it is part of legal advice sought or provided in Exhibit 1 or the Trustee Conflict of Interest memorandum. Although the law director is copied, nothing connects the text describing the attached November, 2021 emails to a request for or delivery of advice on any legal issue concerning the public records request to which it pertains.

Complaint Exh. 4

With regard to the wholly redacted "Personally" section of Complaint Exhibit 4, Hicks contends the following:

> Exhibit 4: A document from the Police Chief that was used in the December 17 meeting and is addressed only to Wright. The entirety of Exhibit 4 should be provided without redaction other than actual redactable information (ex: social security number).

The Township counters that the information redacted from Exhibit 4 is confidential personal information of a police officer "which is exempt from disclosure under R.C. 149.43(A)(7)."

{¶19} R.C. 149.43(A)(1) provides that "'[p]ublic record' does not mean any of the following: * * * (p) Designated public service worker residential and familial information." Peace officers are designated public service workers. R.C. 149.43(A)(7). Hicks does not dispute that the information in this record relates to a peace officer. However, R.C. 149.43(A)(8) specifies that only the following public service worker information may be withheld:

> (8) "Designated public service worker residential and familial information" means any information that discloses any of the following about a designated public service worker:
>
> (a) The address of the actual personal residence of a designated public service worker, except for the following information:
>
> (i) The address of the actual personal residence of a prosecuting attorney or judge; and

(ii) The state or political subdivision in which a designated public service worker resides.

(b) Information compiled from referral to or participation in an employee assistance program;

(c) The social security number, the residential telephone number, any bank account, debit card, charge card, or credit card number, or the emergency telephone number of, or any medical information pertaining to, a designated public service worker;

(d) The name of any beneficiary of employment benefits, including, but not limited to, life insurance benefits, provided to a designated public service worker by the designated public service worker's employer;

(e) The identity and amount of any charitable or employment benefit deduction made by the designated public service worker's employer from the designated public service worker's compensation, unless the amount of the deduction is required by state or federal law;

(f) The name, the residential address, the name of the employer, the address of the employer, the social security number, the residential telephone number, any bank account, debit card, charge card, or credit card number, or the emergency telephone number of the spouse, a former spouse, or any child of a designated public service worker;

(g) A photograph of a peace officer who holds a position or has an assignment that may include undercover or plain clothes positions or assignments as determined by the peace officer's appointing authority.

The Township may, but is not required to, redact designated public service worker residential and familial information, since the exemption is discretionary, not mandatory. 2000 Ohio Atty.Gen.Ops. No. 021 ("R.C. 149.43 does not expressly prohibit the disclosure of items that are excluded from the definition of public records, but merely provides that their disclosure is not mandated.").

{¶20} On review of Exhibit 4 *in camera*, the special master finds that only four words within the two redacted paragraphs fall squarely within the exemption. The

redacted text within the "Personally" section (Unredacted Records at 000023) contains none of the information listed in R.C. 149.43(A)(8)(a) through (e) or (g). Only the exemption in (f) applies, and then only to the names of the officer's spouse and children. As the authority cited by the Township notes, *only the information listed in the statute* may be redacted from the otherwise public record. 2000 Ohio Atty.Gen.Ops. 2000-021. The relevant information listed in the statute is limited to "information that discloses * * * [T]he *name* * * * of the spouse, * * * or any child of a designated public service worker." (Emphasis added.) R.C. 149.43(A)(8)(f). The Township offers no argument or explanation that any information other than the names themselves is exempt. The discretionary withholding of immediate family names from an officer's records is not the equivalent of a witness protection program. If the legislature had intended to protect even the suggestion that an officer had a family, it could have done so. The Township fails to meet its burden of proof to show that anything but the listed names fall squarely under this exemption.

{¶21} Second, the Township asserts that "the identity of a police officer's parents is also protected from disclosure. *State ex rel. Keller v. Cox*, 1999-Ohio-264, 85 Ohio St.3d 279, 282, 707 N.E.2d 931, 934." (Response at 9.) This assertion is puzzling, as the names of the officer's parents do not appear in the section. Even if they did, *Keller* concerned the constitutional right of privacy and only where a respondent proved that the requester of police officer records "might use the information to achieve nefarious ends." *Keller*, 85 Ohio St.3d at 282. The Township makes no such showing here. Although the Township correctly refrains from attempting to apply R.C. 149.43(A)(7) to the officer's mention of having parents, the special master notes that names of parents are not included in the definition of "designated public service worker residential and familial information." R.C. 149.43(A)(8)(f).

Conflict of Interest Memorandum

{¶22} Rather than arguing that this undated memorandum is not confidential attorney-client communication, Hicks admitted to the Township that "[w]hile I guess one could assert privilege, they need not and what would be the public purpose * * *." (Complaint at 4.) The Township asserts that the memorandum, "contains legal analysis and opinion." This representation is confirmed by review *in camera*. The memorandum is addressed from the law director to "Trustees," and no evidence shows that it was shared with third parties, e.g., Dills or Becker. The special master finds that the memorandum in its entirety constitutes legal advice sought from the Township's legal adviser in his capacity as such. The advice was communicated in confidence and there is no evidence of its disclosure to any unnecessary third party.

**Conclusion**

{¶23} The special master recommends the court order respondent to produce unredacted copies of requester's Exhibits 1 through 3 and disclose all information in Exhibit 4 other than the first names of the officer's immediate family. The special master recommends the court deny requester's claim for production of the information redacted from respondent's Trustee Conflicts of Interest memorandum. It is recommended costs be assessed to respondent.

{¶24} *Pursuant to R.C. 2743.75(F)(2), either party may file a written objection with the clerk of the Court of Claims of Ohio within seven (7) business days after receiving this report and recommendation. Any objection shall be specific and state with particularity*

*all grounds for the objection. A party shall not assign as error on appeal the court's adoption of any factual findings or legal conclusions in this report and recommendation unless a timely objection was filed thereto. R.C. 2743.75(G)(1).*


_____
JEFF CLARK
Special Master

**Filed April 21, 2022**
**Sent to S.C. Reporter 5/13/22**