[Cite as *Ludlow v. Ohio Dept. of Health*, 2022-Ohio-3399.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Randy Ludlow,                               :

      Requester-Appellee,            :

                                             No. 21AP-369
v.                                          :        (Ct. of Cl. No. 2021-00040PQ)

Ohio Department of Health,                  :        (REGULAR CALENDAR)

      Respondent-Appellant.         :

D E C I S I O N

Rendered on September 27, 2022

**On brief:** *Graydon Head & Ritchey LLP, John C. Greiner, Darren W. Ford*, and *Kellie Ann Kulka*, for appellee. **Argued:** *John C. Greiner*.

**On brief:** *Dave Yost*, Attorney General, *Rebecca L. Thomas*, and *Theresa R. Dirisamer*, for appellant. **Argued:** *Rebecca L. Thomas*.

APPEAL from the Court of Claims of Ohio

KLATT, J.

{¶ 1}  Respondent-appellant, the Ohio Department of Health ("ODH"), appeals a judgment of the Court of Claims of Ohio ordering ODH to provide requester-appellee, Randy Ludlow, with the public record he requested. For the following reasons, we reverse that judgment.

{¶ 2}  On April 20, 2020, Columbus Dispatch reporter Ludlow began seeking a digital spreadsheet copy of the Electronic Death Reporting System, the data system ODH uses to maintain death records. ODH initially denied Ludlow's requests. However, in October 2020, ODH provided Ludlow with a digital spreadsheet that contained almost all

of the information Ludlow requested. For deaths occurring during the selected period in 2020, ODH provided information that included the sex, age, race, birth date, and marital status of each recorded decedent; the date, time, and place of death; and the manner and cause of death. Although Ludlow wanted ODH to also disclose the names and addresses of each decedent, ODH refused to do so on the grounds that such information constituted "protected health information" under R.C. 3701.17.

{¶ 3} On January 26, 2021, Ludlow requested that ODH "provide a copy of the Electronic Death Reporting System database – in digital spreadsheet form – of all death certificates delivered to the department from March 1,, 2020 [sic] to Jan. 26, 2021 by all local health departments in the state." (Compl. at attachment.) In conjunction with this request, Ludlow acknowledged his receipt of the October 2020 digital spreadsheet, which contained much of the information he sought in the January request. Ludlow explained that he filed the January request to seek an update of the October spreadsheet and to again ask for the names and addresses of each decedent. According to Ludlow, ODH once more refused his request for names and addresses.

{¶ 4} On January 28, 2021, Ludlow filed a public-records-access complaint against ODH in the Court of Claims pursuant to R.C. 2743.75. In accordance with R.C. 2743.75(D)(2), the trial court assigned a special master to examine the complaint. The special master issued a report and recommendation to the trial court. In that report, the special master considered whether the record Ludlow sought in the January request was excepted from disclosure under R.C. 3701.17(B), which prohibits the release of "protected health information" absent consent or the application of a statutory exception. The special master concluded that the requested information did not fall squarely within the public-records exception contained in R.C. 3701.17. Consequently, the special master recommended that the trial court order ODH to comply with Ludlow's public-record request.

{¶ 5} ODH objected to the special master's report and recommendation. In a decision and entry dated July 1, 2021, the trial court overruled ODH's objections and adopted the special master's report and recommendation.

{¶ 6} ODH now appeals from the July 1, 2021 decision and entry, and it assigns the following errors:

1. The lower court erred when it ordered the Department to create a new spreadsheet from the death certificate database in response to a public records request.

2. The lower court erred when it ordered the Department to produce Protected Health Information, as defined by R.C. 3701.17.

{¶ 7} We will begin by addressing ODH's second assignment of error. In that assignment of error, ODH argues that the trial court erred by ordering it to provide the record Ludlow requested because it contains protected health information, which is exempted from disclosure under the Public Records Act pursuant to R.C. 3701.17. We agree.

{¶ 8} Ohio's Public Records Act requires a public office to promptly make copies of public records available to any person upon request. R.C. 149.43(B)(1). Courts construe the Public Records Act liberally in favor of broad access to public records and resolve any doubt in favor of disclosure. *State ex rel. CNN, Inc. v. Bellbrook-Sugarcreek Local Schools*, 163 Ohio St.3d 314, 2020-Ohio-5149, ¶ 8. Conversely, courts construe exceptions to disclosure strictly against the public office. *Id.* The public office carries the burden to establish the applicably of an exemption to disclosure. *Id.* To meet its burden, the public office must prove facts establishing that the requested records fall squarely within the exemption. *Welsh-Huggins v. Jefferson Cty. Prosecutor's Office*, 163 Ohio St.3d 337, 2020-Ohio-5371, ¶ 35.

{¶ 9} Whether a particular record is exempt from disclosure presents a question of law, although the application of the statutory exemption will necessarily depend on the application of facts to the record at issue. *Id.* at ¶ 37. When a party appeals a mixed question of law and fact, an appellate court will review the legal question de novo but will defer to the trial court's underlying factual findings, reviewing them only for clear error. *Id.*

{¶ 10} The dispute in this case centers on the applicability of R.C. 149.43(A)(1)(v), which exempts from disclosure "[r]ecords the release of which is prohibited from state or federal law." ODH argues that R.C. 3701.17(B), which prohibits the release of protected health information, prevents it from disclosing to Ludlow a decedent's name or address in conjunction with that decedent's cause of death.

{¶ 11}  Pursuant to R.C. 3701.17(B), "[p]rotected health information reported to or obtained by the director of health, the department of health, or a board of health of a city or general health district is confidential and shall not be released without the written consent of the individual who is the subject of the information unless the information is released pursuant to division (C) of this section" or a statutory exception applies.  The statute defines "protected health information" as:

> information, in any form, including oral, written, electronic, visual, pictorial, or physical that describes an individual's past, present, or future physical or mental health status or condition, receipt of treatment or care, or purchase of health products, if either of the following applies:
>
> (a) The information reveals the identity of the individual who is the subject of the information.
>
> (b) The information could be used to reveal the identity of the individual who is the subject of the information, either by using the information alone or with other information that is available to predictable recipients of the information.

R.C. 3701.17(A)(2).  "Information that is in a summary, statistical, or aggregate form and that does not identify an individual is a public record under section 149.43 of the Revised Code and, upon request, shall be released by the director."  R.C. 3701.17(C).

{¶ 12}  We recently considered the meaning and application of R.C. 3701.17 in *Walsh v. Ohio Dept. of Health*, 10th Dist. No. 21AP-109, 2022-Ohio-272.  *Accord WCPO-TV v. Ohio Dept. of* Health, 10th Dist. No. 21AP-277, 2022-Ohio-1864, ¶ 19-22 (following and applying *Walsh*); *Miller v. Ohio Dept. of Health*, 10th Dist. No. 21AP-267, 2022-Ohio-357, ¶ 7 (same).  In *Walsh*, a requester submitted a public-records request asking ODH to provide, for all deaths in Ohio during the first eight months of 2020, all decedents' names, addresses, dates of birth and death, partial social security numbers, genders, occupations, and causes of death.  ODH denied that request.  The requester then filed a writ of mandamus to compel ODH to comply with his public-records request.  The trial court, however, dismissed the writ, finding that ODH could not disclose the requested record because it contained protected health information, and R.C. 3701.17(B) prohibited ODH from releasing that information.

{¶ 13} On appeal, the requester argued that the R.C. 3701.17 did not exempt the requested record from disclosure. We determined that the applicability of R.C. 3701.17(B) to the requested record depended on whether that record contained information describing an " 'individual's past, present, or future physical or mental status or condition, receipt of treatment or care, or purchase of health products.' " *Walsh* at ¶ 14, quoting R.C. 3701.17(A)(2).

{¶ 14} The requester first argued the record requested did not contain such information because that record described *deceased* individuals' "physical or mental status or condition, receipt of treatment or care, or purchase of health products." In other words, according to the requester, R.C. 3701.17(B) protected only information describing *living* individuals' "physical or mental status or condition, receipt of treatment or care, or purchase of health products." We, however, rejected that interpretation of R.C. 3701.17 because it required the insertion of a word—i.e., "living"—that did not appear in the text. *Walsh* at ¶ 14. Because R.C. 3701.17 uses the word "individual" without modification, the protections of R.C. 3701.17(B) apply equally to both living and dead persons.

{¶ 15} Next, we determined that a decedent's cause of death necessarily indicates that person's "past * * * physical * * * status or condition." R.C. 3701.17(A)(2). Consequently, under R.C. 3701.17(B), ODH could not disclose an identified or identifiable individual's cause of death absent written consent or the applicability of one of the statutory exceptions. *Walsh* at ¶ 15.

{¶ 16} Finally, we concluded that, even though R.C. 3705.23 permits members of the public to obtain certified death certificates that state an individual's cause of death, that information remains protected health information under R.C. 3701.17(B). We reasoned that release of cause of death information on a death certificate is restricted under R.C. Chapter 3705 because issuance of a death certificate is contingent upon an applicant complying with the statutorily mandated procedure and the copy being duly certified. We thus concluded that "[t]he fact that a decedent's cause of death, which qualifies as protected health information under R.C. 3701.17, may be disclosed to the public by the issuance of a certified copy of a death certificate pursuant to R.C. 3705.23, does not mean that information is not otherwise prohibited from release for the purpose of R.C. 149.43." *Walsh* at ¶ 20. After examining the relevant statutes, we found "no indication of General Assembly

intent to exclude a decedent's cause of death information from the confidentiality protection of R.C. 3701.17, except as necessary or required under that statute, or to the extent that information is obtainable pursuant to R.C. 3705.23." *Walsh* at ¶ 21.

{¶ 17} On appeal, Ludlow attacks *Walsh* because it failed to take into consideration R.C. 3705.231. Pursuant to that statute, "[a] local registrar shall allow an individual to photograph or otherwise copy a birth or death record." Consequently, contrary to what we indicated in *Walsh*, applying for a certified death certificate is not the only method provided in R.C. Chapter 3705 to obtain cause of death information on a death certificate. However, R.C. 3705.231 imposes its own restrictions to access: an individual must go to a local registrar and request to photograph or copy the relevant death record. R.C. 3705.231 does not require local registrars to issue uncertified copies of death certificates in response to requests. Given the limitations to access inherent in R.C. 3705.231, the reasoning of *Walsh* remains sound.

{¶ 18} *Walsh* resolves the two arguments Ludlow raises on appeal in ODH's favor: (1) R.C. 3701.17(B) applies to deceased individuals and (2) the disclosure of cause of death on a death certificate does not disqualify cause of death as protected health information subject to R.C. 3701.17(B). Thus, we need only address an additional point Ludlow raises in relation to the latter point, i.e., information regarding a specified individual's cause of death qualifies as protected health information under R.C. 3701.17, even if it might be disclosed elsewhere.

{¶ 19} Ludlow points to a statutory provision not considered in *Walsh*, R.C. 313.10(A)(1), which provides that, absent an applicable exception, "the detailed descriptions of the observations written during the progress of an autopsy and the conclusions drawn from those observations * * * made personally by the coroner or by anyone acting under the coroner's direction [ ] are public records." Ludlow argues that because an autopsy report discloses the named decedent's cause of death and autopsy reports may be released pursuant to a public-records request, a named decedent's cause of death cannot constitute personal health information under R.C. 3701.17.

{¶ 20} We apply the logic of *Walsh* to this argument. True, R.C. 313.10(A)(1) may permit an individual to discover an identified decedent's cause of death through a public-records request of an autopsy report from a coroner's office. The fact that a particular

decedent's cause of death may be disclosed that way, however, does not mean that that information is not otherwise prohibited from release when a request like Ludlow's is made of ODH because of the limitations imposed by R.C. 3701.17. *See Walsh*, 10th Dist. No. 21AP-109, 2022-Ohio-272, at ¶ 20. We, therefore, decline to depart from the holding in *Walsh*.

{¶ 21} Ludlow does not contest that disclosure of a decedent's name and address, along with the cause of the decedent's death, would reveal the decedent's past physical health status or condition, as well as the identity of the individual. Consequently, the record Ludlow sought in his request contained protected health information, which ODH properly withheld pursuant to R.C. 3701.17(B). We thus conclude that the trial court erred in ordering ODH to produce the requested record, and we sustain the second assignment of error.

{¶ 22} By ODH's first assignment of error, it argues that the trial court erred in ordering it to create a new spreadsheet in order to respond to Ludlow's public-record request. Our resolution of the second assignment of error renders the first assignment of error moot, so we do not address it.

{¶ 23} For the foregoing reasons, we sustain the second assignment of error, which renders the first assignment of error moot. We reverse the judgment of the Court of Claims of Ohio.

*Judgment reversed.*

BEATTY BLUNT and MENTEL, JJ., concur.

_____