[Cite as *Standifer v. Ohio Dept. of Health*, 2023-Ohio-1855.]

**IN THE COURT OF CLAIMS OF OHIO**

| | |
|---|---|
| LAUREN (CID) STANDIFER | Case No. 2022-00217PQ |
| Requester | Judge Lisa L. Sadler |
| v. | <u>DECISION AND ENTRY</u> |
| OHIO DEPARTMENT OF HEALTH | |
| Respondent | |

{¶1} In this public-records case, Respondent Ohio Department of Health objects to a Special Master's Report and Recommendation. The Court sustains, in part, the objections for reasons set forth below. Accordingly, the Court adopts, in part, and rejects, in part, the Report and Recommendation.

## I.    Background

{¶2} On March 11, 2022, Requester Lauren (Cid) Standifer, a self-represented litigant, filed a public-records complaint against Respondent wherein Requester claimed that Respondent denied Requester's "request for location of death, manner of death, race, ethnicity, marital status, occupation and industry for all Ohioans who died in 2020." The Court appointed a Special Master who referred the case to mediation. Mediation failed to successfully resolve all disputed issues between the parties.

{¶3} On May 5, 2022, in a filing labeled "Response To Requestor's Complaint And Motion To Dismiss," Respondent moved to dismiss Requester's Complaint on grounds that Requester was not entitled to the requested information.

{¶4} On February 10, 2023, the Special Master issued a Report and Recommendation (R&R). The Special Master recommends denying Respondent's motion to dismiss. (R&R, 5.) The Special Master further

recommends the court GRANT requester's claim for production of the requested death database, with redaction of the names and addresses of all decedents to satisfy current law prohibiting disclosure of information that connects an individual decedent to a past physical or mental health status or condition. It is recommended that requester be entitled to recover from respondent the amount of the filing fee of twenty-five dollars and any other costs associated with the action that were incurred by requester. It is further recommended that court costs be assessed to respondent.

(R&R, 20.)

{¶5} In support of the recommendations, the Special Master "finds clear and convincing evidence that [Requester] requested an existing 'record' from [Respondent] – the death certificate database – and that [Respondent] is capable and practiced at redacting protected name, address, and other data columns from that record as necessary." (R&R, 14.) The Special Master further "finds that [Respondent] may redact from the death certificate file only information falling squarely under R.C. 3701.17(B), and must disclose the rest." (R&R, 16.) The Special Master notes that he

> is not persuaded that no other death data category can be released with cause of death data without disclosing personal health information. Based on [Respondent's] practice up to and including the *Ludlow* case [*Ludlow v. Ohio, Dept. of Health*, Ct. of Cl. No. 2021-00040PQ, 2021-Ohio-2651, *adopted by and objections overruled by*, 2021-Ohio-3532, *rev'd Ludlow v. Ohio Dept. of Health*, 10th Dist. Franklin No. 21AP-369, 2022-Ohio-3399, *discretionary appeal accepted*, Sup.Ct. No. 2023-Ohio-1391, *01/31/2023 Case Announcements*, 2023-Ohio-212], the Special Master finds that redaction of decedents' name and address of residence columns is sufficient to comply with the exemption.

(R&R, 18.) The Special Master

> recommends the court find [Respondent's] interpretation prior to 2019 was a consistent and reasonable application of statutory language, and that its increasingly secretive interpretations since then are inconsistent and unreasonable. [Respondent] offers no evidence that it gave its sudden

retreat from past practice thorough consideration, stating only that it had "reassessed" the scope of R.C. 3701.17. (Priddle Aff. I at ¶ 5(c)(iii); Oct. 7, 2022 Reply to Special Master's Order at 2; Priddle Aff. II at Response to Item 3 – last ¶.) [Respondent's] newest and most draconian interpretation is even less consistent with its pre-2019 interpretation, and conceptually implausible. [Respondent's] interpretation of the relevant statutes prior to 2019 was consistent with statutory language and with the requirement in public records law that exemptions be construed strictly against public offices and in favor of disclosure. *Rogers v. Dept. of Rehab. & Corr.*, 155 Ohio St.3d 545, 2018-Ohio-5111, 122 N.E.3d 1208, ¶ 7.

(R&R, 19.)  The Special Master states:

> It cannot be emphasized enough that every bit of data in the Death File is publicly available to any person, including the media – if they are willing to pay [Respondent] substantial fees to print out thousands of death certificates. Alternatively, cause of death data may be obtained from the public reports of Ohio's county coroners at a far lesser price. R.C. 313.09 and R.C. 313.10(A)(1) and (B). The General Assembly has expressly made the cause of death of any individual Ohio decedent available to any person who wishes to know that fact. [Respondent] grasping at strained arguments to release as little as possible of this elsewhere public data is the antithesis of the openness and transparency promoted by the Public Records Act.

(R&R, 20).

{**¶6**} On February 27, 2023, Respondent filed written objections to the Report and Recommendation.  Requester has not filed a timely response to Respondent's objections.

## II.   Law and Analysis

{**¶7**} Through the enactment of R.C. 2743.75, the General Assembly has created an alternative means to resolve public-records disputes. *Welsh-Huggins v. Jefferson Cty. Prosecutor's Office*, 163 Ohio St.3d 337, 2020-Ohio-5371, 170 N.E.3d 768, ¶ 11.  *See* R.C. 2743.75(A).  Under Ohio law, a requester "must establish entitlement to relief in an action filed in the Court of Claims under R.C. 2743.75 by clear and convincing evidence." *Viola v. Cuyahoga Cty. Prosecutor's Office*, 8th Dist. Cuyahoga No. 110315, 2021-Ohio-

4210, ¶ 16, citing *Hurt v. Liberty Twp.*, 2017-Ohio-7820, 97 N.E.3d 1153, ¶ 27-30 (5th Dist.). *See Welsh-Huggins v. Jefferson Cty. Prosecutor's Office*, 163 Ohio St.3d 337, 2020-Ohio-5371, 170 N.E.3d 768, ¶ 32. It is a requester's burden to prove, by clear and convincing evidence, that the requested records exist and are public records maintained by a respondent. *See State ex rel. Cordell v. Paden*, 156 Ohio St.3d 394, 2019-Ohio-1216, 128 N.E.3d 179, ¶ 8.

{¶8} A public-records custodian has the burden to establish the applicability of an exception to disclosure of a public record. *State ex rel. Cincinnati Enquirer v. Jones-Kelley*, 118 Ohio St.3d 81, 2008-Ohio-1770, 886 N.E.2d 206, paragraph two of the syllabus. In *Jones-Kelley*, the Ohio Supreme Court held:

> Exceptions to disclosure under the Public Records Act, R.C. 149.43, are strictly construed against the public-records custodian, and the custodian has the burden to establish the applicability of an exception. A custodian does not meet this burden if it has not proven that the requested records fall squarely within the exception. (*State ex rel. Carr v. Akron,* 112 Ohio St.3d 351, 2006 Ohio 6714, 859 N.E.2d 948, P 30, followed.)

*Kelley* at paragraph two of the syllabus.

{¶9} Pursuant to R.C. 2743.75(F)(1), a special master is required to submit to this Court a report and recommendation based on the ordinary application of statutory law and case law as they existed at the time of the filing of a complaint. Under R.C. 2743.75(F)(2) parties may file written objections to a report and recommendation and responses thereto. Pursuant to R.C. 2743.75(F)(2), the Court, within seven business days after the response to the objection is filed, "shall issue a final order that adopts, modifies, or rejects the report and recommendation."

**A. Respondent presents seven grounds in support of its objections.**

{¶10} R.C. 2743.75(F)(2) requires that any objection to a report and recommendation "shall be specific and state with particularity all grounds for the objection." In its objections, Respondent states:

> ODH [i.e., Respondent] objects * * * for the following reasons: (1) the Department has already provided records to Requester that fulfill its public

records obligation; (2) the remaining information Requester seeks does not exist as a record subject to disclosure; this means that in order to comply with the request, ODH would be required to create a new record; (3) Requester is seeking protected health information that ODH cannot legally disclose and the Report and Recommendation errs in concluding that ODH "waived" facts to support this exemption; (4) previous disclosure of similar information does not establish a precedent that must be followed here as estoppel does not run against the state; (5) the Special Master's application the "Database Rule" contradicts current law and ignores unrefuted evidence submitted by ODH; (6) though not required, it is prudent to reserve decision in this case until the Ohio Supreme Court decides *Ludlow vs. Ohio Department of Health*, 2022-Ohio-3399, a case that is factually on point and currently on appeal from the Tenth District Court of Appeals; and (7) costs and fees should not be awarded.

(Objections, 1.)    Notably, Respondent has not objected to the Special Master's recommendation to deny Respondent's Motion To Dismiss.

{¶11} For ease of analysis, the Court considers Respondent's objections in a different order than presented by Respondent.

1. **Respondent's suggestion to stay this action and reserve a decision until the Ohio Supreme Court decides *Ludlow* is not well taken.**

{¶12} In *Ludlow v. Ohio, Dept. of Health*, Ct. of Cl. No. 2021-00040PQ, 2021-Ohio-2651, Randy Ludlow, who at that time was a reporter for *The Columbus Dispatch*, filed a public-records request with the Ohio Department of Health in which he sought a digital spreadsheet copy of the Electronic Death Reporting System.  Ludlow later filed a complaint in this Court.  A special master recommended that this Court issue an order requiring the Ohio Department of Health (ODH) to provide Ludlow with the requested records.  On ODH's objections to the special master's recommendation, the Court overruled the objections, adopted the special master's recommendation, and ordered ODH to forthwith provide Ludlow with the requested records in accordance with the Special Master's recommendation. *Ludlow*, Ct. of Cl. No. 2021-00040PQ, 2021-Ohio-2651, *adopted by and objections overruled by*, 2021-Ohio-3532.

**{¶13}** ODH thereafter appealed to the Tenth District Court of Appeals, which reversed this Court's judgment. *Ludlow v. Ohio Dept. of Health*, 10th Dist. Franklin No. 21AP-369, 2022-Ohio-3399. The court of appeals determined that "the record Ludlow sought in his request contained protected health information, which ODH properly withheld pursuant to R.C. 3701.17(B)." *Ludlow* at ¶ 21.

**{¶14}** Ludlow later sought discretionary review by the Ohio Supreme Court, presenting a single proposition of law: "Information contained in an Ohio death certificate, and specifically cause of death information of a decedent, is not 'protected health information' within the meaning of R.C. 3701.17(A)(2) so as to make such information exempt from disclosure under state law for purposes of the Ohio Public Records Act, R.C. 149.43." (Memorandum In Support of Jurisdiction filed on November 1, 2022.) www.supremecourt.ohio.gov/pdf_viewer/pdf_viewer.aspx?pdf=933169.pdf&subdirectory =20221391\DocketItems&source=DL_Clerk (accessed on Feb. 28, 2023). The Ohio Supreme Court has accepted Ludlow's appeal for review. *Ludlow v. Ohio Dept. of Health*, 2023-Ohio-1391, *01/31/2023 Case Announcements*, 2023-Ohio-212.

**{¶15}** Respondent suggests that this Court should reserve its decision in this case until the Ohio Supreme Court decides *Ludlow*. If the Court were to adopt Respondent's suggestion, then such action would conflict with the statutory deadline established by the General Assembly in R.C. 2743.75(F)(2), which, states, in part: "*The court, within seven business days after the response to the objection is filed, shall issue a final order that adopts, modifies, or rejects the report and recommendation.*" (Emphasis added.) The General Assembly is the final arbiter of public policy relevant to public-records laws, and unless R.C. 2743.75(F)(2) contravenes the state or federal constitutions, this Court generally should not deviate from statutory deadlines enacted by the General Assembly in R.C. 2743.75(F)(2). *See Kish v. City of Akron*, 109 Ohio St.3d 162, 2006-Ohio-1244, 846 N.E.2d 811, ¶ 44; *Beagle v. Walden*, 78 Ohio St.3d 59, 62, 676 N.E.2d 506 (1997). Moreover, if the Court were to reserve judgment in this case until the Ohio Supreme Court decides *Ludlow*, such action would be contrary to the "expeditious and economical procedure" contemplated by the General Assembly when the General Assembly enacted R.C. 2743.75. *See* R.C. 2743.75(A).

**{¶16}** The Court declines to adopt Respondent's suggestion to stay this case and reserve a decision in this case until the Ohio Supreme Court decides *Ludlow*.

### 2. *Walsh* and *Ludlow* are applicable and resolve this case.

**{¶17}** In *Walsh v. Ohio Dept. of Health*, 10th Dist. No. 21AP-109, 2022-Ohio-272, 183 N.E.3d 128 (Luper Schuster, J., with Dorian, J., concurring, and Jamison, J., concurring, in part, and dissenting, in part), a relator sought a writ of mandamus in a common pleas court to compel the Ohio Department of Health and others to comply with a public records request. On respondents' motion, the common pleas court granted respondents' motion to dismiss. Relator appealed to the Tenth District Court of Appeals, which affirmed the common pleas court.

**{¶18}** In *Walsh*, the court of appeals noted, "At issue * * * is whether the requested record contains information excluded from the general definition of a 'public record' under R.C. 149.43." *Walsh* at ¶ 12. The court of appeals further noted, "The issue * * * resolves to whether the ability to obtain a decedent's cause of death via his or her death certificate reflects the General Assembly's intent that this information, which is otherwise protected health information under R.C. 3701.17, may be released by ODH pursuant to a public records request under R.C. 149.43." The court of appeals "conclude[d] the trial court did not err in finding ODH has no duty to grant Walsh's public record request," *Walsh* at ¶ 22. The court of appeals noted, "Upon our review of all pertinent statutes, we find no indication of General Assembly intent to exclude a decedent's cause of death information from the confidentiality protection of R.C. 3701.17, except as necessary or required under that statute, or to the extent that information is obtainable pursuant to R.C. 3705.23." *Walsh* at ¶ 21.

**{¶19}** In *Ludlow v. Ohio Dept. of Health*, 10th Dist. Franklin No. 21AP-369, 2022-Ohio-3399, ¶ 10 (Klatt, J., with Beatty Blunt and Mentel, JJ., concurring), the appellant "attacke[d]" *Walsh*. However, in a unanimous decision, the court of appeals "decline[d] to depart from the holding in *Walsh*." *Ludlow* at ¶ 20.

**{¶20}** The question before the Court is whether the requested records are accessible through the Ohio Public Records Act—not whether Respondent has changed its precedent in dealing with public-records requests for certain information. Collectively, *Walsh* and *Ludlow* answer this question and stand for the proposition that Requester is

not entitled to the public records that Requester seeks in this case.  On the authority of *Walsh* and *Ludlow*, the Court therefore sustains Respondent's objection that Requester is seeking protected health information that Respondent may not legally disclose. Because the Court's ruling on the question before the Court is dispositive, Respondent's remaining objections are rendered moot.

## III. Conclusion

{¶21} For the reasons set forth above, the Court sustains, in part, Respondent's objections.   The Court adopts the Special Master's recommendation to deny Respondent's Motion To Dismiss but rejects, in part, the recommendations and conclusions of law contained in the Report and Recommendation.  Accordingly, the Court adopts, in part, and rejects, in part, the Report and Recommendation.  Court costs are assessed against Requester.  The Clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

LISA L. SADLER
Judge

**Filed May 4, 2023**
**Sent to S.C. Reporter 6/5/23**