[Cite as *Columbus Police Body Camera v. Columbus Div. of Police*, 2024-Ohio-569.]

## IN THE COURT OF CLAIMS OF OHIO

| | |
|---|---|
| COLUMBUS POLICE BODY CAMERA | Case No. 2023-00727PQ |
| Requester | Special Master Todd Marti |
| v. | <u>REPORT AND RECOMMENDATION</u> |
| COLUMBUS DIVISION OF POLICE | |
| Respondent | |

{¶1} This case is before the special master for a R.C. 2743.75(F) report and recommendation. He recommends that: (1) Respondent be ordered to produce the requested footage, subject to redactions, (2) Requester recover his filing fee and costs, and (3) Respondent bear the other costs of this case.

## I. Background.

{¶2} Requester Columbus Police Body Camera is a dba for Spencer Badger, a police officer with the Respondent Columbus Division of Police ("the Department"). Requester made a public records request to the Department for body camera footage of a run he handled involving a runaway child. The Department denied access to that footage in its entirety, asserting that it is exempted from public record status by R.C. 149.43(A)(1)(jj) and (A)(17)(a). *Complaint*, filed November 27, 2023.

{¶3} Requester filed this case to challenge that withholding. Mediation was not ordered because of the length of time that Requester's public records request has been pending, the additional time that mediation would likely take, and the likelihood that the issues presented could be quickly resolved on the merits. A schedule was set for the Department to file the footage for in camera review and for both parties to file evidence and memoranda supporting their positions. That schedule has run its course, and the case is ripe for decision. *Order*, entered December 1, 2023.

## II.  Analysis.

### A. Respondent has proven that portions of the footage are exempted from public record status by R.C. 149.43(A)(1)(jj) and (A)(17)(a).

{¶4} The Department does not challenge the sufficiency of Requester's complaint or that the footage is a record within the meaning of R.C. 149.0011(G). It does however contend that the footage is exempted from public record status by R.C. 149.43(A)(1)(jj) and (A)(17)(a). R.C. 149.43(A)(1)(jj) exempts "[r]estricted portions of a body-worn camera or dashboard camera recording" from public record status. R.C. 149.43(A)(17)(a) states that:

> "'Restricted portions of a body-worn camera or dashboard camera recording' means any visual or audio portion of a body-worn camera or dashboard camera recording that shows, communicates, or discloses any of the following:
>
> (a) The image or identity of a child or information that could lead to the identification of a child who is a primary subject of the recording when *** the law enforcement agency knows or has reason to know the person is a child[.]"

{¶5} Those statutes exempt two things: the "image *** of a child" and "information that could lead to the identification of a child *** when *** the law enforcement agency knows or has reason to know the person is a child[.]" The Department has the burden of proving that the footage contains those things. *Welsh-Huggins v. Jefferson Cty. Prosecutor's Office*, 163 Ohio St.3d 337, 2020-Ohio-5371, 170 N.E.3d 768, ¶¶ 27, 35, 54. That burden can be carried by the contents of the disputed record if the essential facts are "apparent and manifest just from the content of the record itself[.]" *Id.* ¶ 35.

{¶6} The Department filed the footage for in camera review and portions of it fit squarely within R.C. 149.43(A)(17)(a). There is no dispute that the footage is from a "body-worn camera." It contains "image[s]" of an eleven-year-old boy who is obviously a "child." It also contains information that "could lead to the identification of a child who is a primary subject of the recording." The child's residential address, as reflected on the house number visible in the footage, could identify the child. See *Cuyahoga Cty. Bd. of Health v. Lipson O'Shea Legal Group*, 145 Ohio St.3d 446, 2016-Ohio-556, 50 N.E.3d 499, ¶ 10 ("It is undeniable that the address of a home [of] a child *** can be used to

identify the \*\*\* child") (construing R.C. 3701.17). Those portions of the footage are therefore exempted from public records status and should not be produced.

{¶7} The special master therefore recommends that the Department not be required to produce the following portions of the footage: 2:00-4:19; 6:00-11:14; 11:25-23:14; 29:15-34:06; 49:43-52:20.

## B. The balance of the footage should be produced.

{¶8} The fact that some portion of the footage is exempt does not justify withholding all the footage. R.C. 149.43(B)(1) mandates that if "a public record contains information that is exempt \*\*\* the public office \*\*\* shall make available all of the information within the public record that is not exempt." Consistent with that, if a "court finds that \*\*\* records contain excepted information, this information must be redacted and any remaining information must be released." *State ex rel. Natl. Broadcasting Co. v. City of Cleveland*, 38 Ohio St.3d 79, 526 N.E.2d 786 (1988), paragraph four of the syllabus. Accord, *Bd. of Health v. Lipson O'Shea Legal Group*, 2013-Ohio-5736, 6 N.E.3d 631 (8th Dist.), ¶ 31 (a "blanket exemption \*\*\* is not appropriate, nor does it uphold the intent of the Public Records Act"); *Gannett GP Media, Inc. v. Ohio Dept. of Pub. Safety*, Ct. of Cl. No. 2017-00051-PQ, 2017-Ohio-4247, ¶ 49, adopted, 2017-Ohio-4248 ("not every record that simply contains [exempt material] may be withheld in its entirety"). Consequently, where "a video recording is not exempt in its entirety, only the portions of the recording that fall squarely within a public records exception may be withheld." *Shaffer v. Budish*, Ct. of Cl. No. 2017-00690-PQ, 2018-Ohio-1539, ¶ 53 adopted February 22, 2018.

{¶9} Records containing exempt material can be withheld in their entirety only in very limited situations. Complete withholding is only permissible if the exempted material is "necessarily" and "inextricably intertwined" with the rest of the record. *State ex rel. McGee v. Ohio State Bd. of Psychology*, 49 Ohio St.3d 59, 60, 550 N.E.2d 945 (1990); *State ex rel. Rocker v. Guernsey Cty. Sheriff's Office*, 126 Ohio St.3d 224, 2010-Ohio-3288, 932 N.E.2d 327, ¶¶ 11, 14. The scope of exempt material must be so pervasive that redaction would "thoroughly eviscerate" the record as a whole. *Narciso v. Powell Police Dept.*, Ct. of Cl. No. 2018-01195PQ, 2018-Ohio-4590, ¶ 12, adopted, 2018-Ohio-5017, Complete withholding is not allowed if the exempt material is "discrete and

severable" from the balance of the record. *Gannett*, 2017-Ohio-4247, ¶ 49. The public office has the burden of proving such intertwining, *Narciso*, 2018-Ohio-4590, ¶ 68, and any doubts are resolved against complete withholding. *State ex rel. Rocker*, 126 Ohio St.3d 224, ¶ 16. Finally, the "extent of any redaction must be carefully restricted," *Narciso*, 2018-Ohio-4590, ¶ 11.

{¶10} A review of the footage as a whole and the record of this case reveals that the Department has no basis for withholding the footage in its entirety. The exempted portions are indeed discrete and severable, being limited to the specific portions identified above. Just as importantly, there are significant non-exempt portions disclosing how the Department handled the underlying situation; the public should have access to that information. See *Kish v. City of Akron*, 109 Ohio St.3d 162, 2006-Ohio-1244, 846 N.E.2d 811, ¶ 16 ("Public records are one portal through which the people observe their government, ensuring its accountability, integrity, and equity while minimizing sovereign mischief and malfeasance"). Finally, the Department has offered no evidence and only conclusory arguments in support of total withholding.

{¶11} The special master therefore recommends that the Department be ordered to produce all the footage, subject to the redactions for the portions falling within the scope of R.C. 149.43(A)(1)(jj) and (A)(17)(a).

## C. Requester is entitled to recover his filing fee and costs.

{¶12} R.C. 2743.75(F)(3)(b) provides that the "aggrieved person shall be entitled to recover from the public office or person responsible for the public records the amount of the filing fee of twenty-five dollars and any other costs associated with the action[.]" Requester was aggrieved by the withholding of the footage as a whole. He is therefore entitled to recover his filing fee and costs. The Department should bear the balance of the costs of this case.

**I.      Conclusion**.

{¶13} In light of the foregoing, the special master recommends that:

- Respondent be ordered to produce the requested footage, subject to redactions of the following portions of the footage: 2:00-4:19; 6:00-11:14; 11:25-23:14; 29:15-34:06; 49:43-52:20.
- Requester recover his filing fee and costs.
- Respondent bear the other costs of this case.

{¶14} *Pursuant to R.C. 2743.75(F)(2), either party may file a written objection with the clerk of the Court of Claims of Ohio within seven (7) business days after receiving this report and recommendation. Any objection shall be specific and state with particularity all grounds for the objection. A party shall not assign as error on appeal the court's adoption of any factual findings or legal conclusions in this report and recommendation unless a timely objection was filed thereto. R.C. 2743.75(G)(1).*

_____
TODD MARTI
Special Master

**Filed January 25, 2024**
**Sent to S.C. Reporter 2/15/24**